**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| GRAPHIC SECURITY SYSTEMS CORPORATION a Delaware corporation | : : : : | |
| Plaintiff, | : : | C.A. NO. 6 : 08-4034-HFF |
| v. | : : | **CONFIDENTIALITY ORDER** |
| NAUTILUS SECURITY A United Kingdom company; | : : : | |
| Defendant. | : : : | |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this **12th** day of June, 2009, ORDERED:

1.      **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.      **Form and Timing of Designation.** Subject to the terms of this Order, the parties or a non-party may in good faith designate documents and things as either "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," depending on the sensitivity of the document or thing. Such documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation.    Documents shall be designated

"CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.      **Documents Which May be Designated Confidential.** Documents and things may be designated as "CONFIDENTIAL" to the extent a party or non-party in good faith considers such documents or things to contain confidential and/or proprietary information not otherwise known or available to the public. Documents and things may be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to the extent a party or non-party in good faith considers such documents or things to contain information that would disclose (a) proprietary information relevant to the respective parties' research and development efforts (including but not limited to design, layout, features, implementation and support methodology), (b) methods and costs of production, (c) production yield data, (d) sales by customer, (e) customer lists or contact information, (f) strategic business plans (including financial and market analyses, forecasts, budgets, and proprietary information regarding marketing strategies and efforts), (g) non-commercialized product composition or design, (h) profit information, (i) trade secrets within the meaning of the Uniform Trade Secrets Act, or (j) other information the disclosure of which to a receiving party may threaten competitive harm to the producing party (including but not limited to proprietary software, screenshots of software, or the like). Such designations shall be made only after review of the documents by an attorney[1]

---

[1] The attorney who reviews the documents and certifies them to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

who has, in good faith, determined that the documents meet the criteria for "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" set forth above. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector shall not receive any confidential designation.

    4.    **Protection of Confidential Material.**

        a.    **Permissible Disclosure of "CONFIDENTIAL" Material.** The parties and counsel for the parties shall have access to material designated as "CONFIDENTIAL" and may disclose such material only to the following additional persons, except by further Order of this Court:

        (1)    Any person (i) who appears as an author, sender, addressee or other recipient on the face of a document, (ii) who has been shown to have already seen the document or the information therein (unless that person has only seen the document or information in violation of this Order), or (iii) who participated in any meeting or communication to which the document refers;

        (2)    Non-party experts or independent consultants engaged by counsel or the parties to assist in this litigation (whether in a testifying or non-testifying capacity), provided that each such non-party expert or independent consultant has signed an undertaking in the form of Attachment B attached to this Order before receiving materials protected by this Order. The party proposing to disclose the "CONFIDENTIAL"

material to a testifying expert or consultant shall, before disclosing the "CONFIDENTIAL" material to the testifying expert or consultant, submit to counsel for all other parties to the litigation (1) the testifying expert or consultant's resume, (2) a description of the relevant employment of the expert or consultant, including a listing of companies and individuals for whom the designated expert or consultant has been employed or consulted within the preceding ten (10) years, and (3) all present and prior relationships of the expert or consultant with any of the parties to this case. Unless any counsel notifies opposing counsel of its objections to any expert or consultant proposed under this paragraph, including the grounds of the objection, within ten (10) business days after service of this information, counsel may disclose "CONFIDENTIAL" materials to that expert or consultant after the expiration of the 10-day objection period set forth herein. Such objections shall not be unreasonably made. If any counsel objects to a testifying expert or consultant under this paragraph, the party proposing the expert or consultant may, by noticed motion, challenge the objection and ask the Court to decide whether the expert or consultant may receive "CONFIDENTIAL" material. If an objection has been made, the proposed testifying expert or consultant shall not receive any "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" material unless and until the Court Orders that such disclosure may be made or the objection has been withdrawn;

(3)     Any other person to whom the parties stipulate in writing and who

signs an undertaking in the form of Attachment B attached to this Order before receiving discovery materials protected by this Order;

(4) An officer or employee of the United States District Court for the District of South Carolina who is directly concerned with carrying out this action and any other person designated by the clerk;

(5) Qualified persons taking testimony involving such "CONFIDENTIAL" material and necessary stenographic and clerical personnel employed thereby (including video technicians); and

(6) Vendors with whom counsel of record for the parties have contracted for purely clerical functions, such as the copying of documents or the creation of demonstrative exhibits.

b. **Permissible Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Material.** "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" material may be disclosed only to the following persons, except by further Order of this Court:

(1) Outside counsel of record for the parties to this litigation and employees in those law firms whose functions require access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material. Under no circumstances shall such designated material be used in any litigation other than this litigation, except upon leave of Court.

(2) Any person (i) who appears as an author, sender, addressee or other recipient on the face of a document and is not otherwise shown prior to such disclosure not to have received the document, (ii) who has been

shown to have already seen the document or the information therein (unless that person has only seen the document or information in violation of this Order), or (iii) who participated in any meeting or communication to which the document refers;

(3)     Non-party experts or independent consultants engaged by counsel or the parties to assist in this litigation (whether in a testifying or non-testifying capacity), provided that each such non-party expert or independent consultant has signed an undertaking in the form of Attachment B attached to this Order before receiving materials protected by this Order. The party proposing to disclose the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material to a testifying expert or consultant shall, before disclosing the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material to the testifying expert or consultant, submit to counsel for all other parties (1) the testifying expert or consultant's résumé, (2) a description of the relevant employment of the expert or consultant, including a listing of companies and individuals for whom the designated expert or consultant has been employed or consulted within the preceding ten (10) years, and (3) all present and prior relationships of the expert or consultant with any of the parties to this case. Unless any counsel notifies opposing counsel of its objections to any expert or consultant proposed under this paragraph, including the grounds of the objection, within ten (10) business days after service of this information, counsel may disclose "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" materials to that expert or consultant after the expiration of the 10-day objection period set forth herein. Such objections shall not be unreasonably made. If any counsel objects to a testifying expert or consultant under this paragraph, the party proposing the expert or consultant may, by noticed motion, challenge the objection and ask the Court to decide whether the expert or consultant may receive "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material. If an objection has been made, the proposed testifying expert or consultant shall not receive any "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" material unless and until the Court Orders that such disclosure may be made or the objection has been withdrawn;

(4)     Any other person to whom the parties stipulate in writing and who signs an undertaking in the form of Attachment B attached to this Order before receiving discovery materials protected by this Order;

(5)     An officer or employee of the United States District Court for the District of South Carolina who is directly concerned with carrying out this action and any other person designated by the clerk;

(6)     Qualified persons taking testimony involving such "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material and necessary stenographic and clerical personnel employed thereby (including video technicians); and

(7)     Vendors with whom counsel of record for the parties have contracted for purely clerical functions, such as the copying of documents

or the creation of demonstrative exhibits.

c.  **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.  **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if the designation does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

5.  **Depositions.** Portions of depositions shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

6.  **Experts.** Documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents

and things may be disclosed to any expert for the parties whom the party retained solely for the purposes of this litigation. However, prior to any such disclosure, any testifying expert receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be provided with a copy of the Confidentiality Order and shall execute the Confidentiality Agreement attached hereto as Attachment B, which shall then be served upon counsel for each party that has produced documents or things so designated.

7.     **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate *(e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

8.     **Hearings and Trial.** Information identified as "CONFIDENTIAL" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order may be disclosed in testimony in hearings or at the trial of this action or may be entered into evidence at hearings or at the trial of this action, subject to the applicable provisions of the Federal Rules of Evidence and any further Order that this Court may enter.

9. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

10. **Challenges to Designation as Confidential.** Any CONFIDENTIAL or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b. A party who contends that documents designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are not entitled to such treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents all material previously designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        (1)    the party who claims that the documents are confidential withdraws such designation in writing;

        (2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 11.b. above; or

        (3)    the court rules that the documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.    Treatment on Conclusion of Litigation.

    a.    **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b.    **Return of Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents subject to this Order shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index

which refers or relates to information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound**. This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

                    s/Henry F. Floyd
                    UNITED STATES DISTRICT JUDGE

June 12, 2009
Spartanburg, South Carolina

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL AND/OR CONFIDENTIAL – OUTSIDE**
**ATTORNEYS' EYES ONLY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| GRAPHIC SECURITY SYSTEMS CORPORATION<br>a Delaware corporation | : : : : | |
| Plaintiff, | : : | C.A. NO. 6 : 08-4034-HFF |
| v. | : : | Certification by Counsel of Designation of Information as Confidential And/Or Confidential – Outside Attorneys' Eyes Only |
| NAUTILUS SECURITY<br>A United Kingdom company; | : : : | |
| Defendant. | : : | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL and/or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

☐     I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

☐     I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: **[date attachment A signed]**              [Signature of Counsel [s/name]]
                                                  Signature of Counsel
                                                  [Printed Name of Counsel [A]]
                                                  Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| GRAPHIC SECURITY SYSTEMS CORPORATION<br>a Delaware corporation | : : : : | |
| Plaintiff, | : : | C.A. NO. 6 : 08-4034-HFF |
| v. | : : | |
| NAUTILUS SECURITY<br>A United Kingdom company; | : : : | Acknowledgement of Understanding<br>and Agreement to be Bound |
| Defendant. | : : | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL and/or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:           [undersigned name [att B]]

     Job Title:           [Job Title [att B]]

     Employer:          [Employer [att B]]

     Business Address:     [Business Address [att B]]

                                                              [Signature [attachment B]]

Date: **[date attachment B signed]**
Signature