IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Graphic Security Systems Corporation, a Delaware corporation, <br><br>       Plaintiff, <br><br>vs. <br><br>Nautilus Security, a United Kingdom Company, <br><br>       Defendant. | Civil Action No. 6:08-4034-HFF-KFM <br><br> **O R D E R** |

    This matter is before the court on the plaintiff's motion for an order to show cause and to hold the defendant in contempt (doc. 155) and the defendant's motion to compel (doc. 163). This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from the defendant's alleged infringement of United States Patent No. 7,466,876 ("the '876 Patent"), entitled "System and Method for Digital Image Encoding" (comp. ¶ 2). The pending motions were referred to this court by the Honorable Henry F. Floyd, United States District Judge.

    A hearing was held before this court on the motions[1] on August 16, 2010. This court has considered the parties' written briefs and oral arguments and finds as set forth below. With regard to the plaintiff's motion for an order to show cause and to hold the defendant in contempt, this court finds that while the defendant's conduct does not rise to the level of contempt of court, the defendant has violated the Joint Stipulation entered into

---

[1] The defendant's motion to amend (doc. 184) was also addressed at the hearing and will be ruled upon by separate order.

by the parties on July 10, 2009. This court further finds that the plaintiff is entitled to attorney fees incurred in having to file the motion. Plaintiff's counsel is directed to file an affidavit setting out such fees on or before August 27, 2010. The plaintiff has also renewed its motion for a preliminary injunction and temporary restraining order, which was previously dismissed as moot by Judge Floyd in light of the parties' Joint Stipulation. As indicated to the parties in the hearing, this court is inclined to recommend to Judge Floyd that the renewed motion be granted. However, the parties are encouraged to confer and agree to a consent order to resolve the matter without further court intervention. The parties are directed to advise the court of the results of such discussions on or before August 31, 2010.

With regard to the defendant's motion to compel, only the plaintiff's responses to Requests to Admit 34 and 35 remained at issue at the time of the hearing. During the hearing, the parties agreed that the last sentence of each of these responses should be stricken, while the plaintiff's right to take up with the court the context of the admissions should be preserved. Based upon the foregoing, the motion to compel is moot, and the defendant's request for attorney fees associated with filing the motion is denied.

IT IS SO ORDERED.


August 16, 2010                                s/Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge